UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:17-CR-149-DPJ-FKB

KEVIN LAWRENCE

ORDER

Defendant Kevin Lawrence seeks an evidentiary hearing and "reconsideration" of United States Magistrate Judge Stephen Wm Smith's Order [21-1] denying bond. He has not established entitlement to either. The Court therefore denies Lawrence's motion without a hearing.

I. Procedural and Factual History

In December 2017, a federal grand jury in the Southern District of Mississippi returned an indictment against Lawrence for: (1) conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana; (2) possession with the intent to distribute 100 kilograms or more of marijuana; and (3) use of a telephone in furtherance of a drug-trafficking offense. Indictment [3] at 1−3.

Those charges led to Lawrence's arrest near Houston, Texas. He then appeared before the United States District Court for the Southern District of Texas, and he elected to have his detention hearing conducted in that jurisdiction rather than the Southern District of Mississippi. *See United States v. Lawrence*, Crim. No. 4:18-MJ-176, Waiver of Rule 5 & 5.1 Hearings (S.D. Tex. Feb. 14, 2018); *see also* Fed. R. Crim. P. 5(c).

After hearing the evidence at the February 16, 2018 hearing, the magistrate judge ordered Lawrence detained, making the following factual findings:

Defendant is accused of conspiracy to possess with intent to distribute marihuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), possession with intent to distribute marihuana in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2, and use of communication facility to possess with intent to distribute marihuana in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

There is a serious risk that the defendant will flee.

Defendant represents a danger to the community.

. . . .

[T]here is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[T]here is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Detention Order [21-1] at 2.

The magistrate judge supported those findings in his Written Statement of Reasons for Detention, where he documented the following facts under 18 U.S.C. § 3142(g):

    1. Defendant's criminal history includes a charge for conspiracy to possess with intent to distribute a controlled substance. For this charge, defendant was sentenced to 36 months['] imprisonment, followed by a 3[-]year term of supervised release. According to the revocation judgement, defendant violated a mandatory condition of supervised release (found in possession of marihuana and $23,098 after a routine traffic stop). Defendant has also been fined for assault and battery on a police officer, failure to comply, disorderly conduct, public intoxication, and interfering with a police officer.

    2. Defendant's dismissed charges consists of: assault and battery, simple assault, failure to comply, destroying private property, trespassing, domestic abuse, harassing phone calls, stalking, possession of marijuana (2-4 oz.), evading arrest or detention, and disturbing the peace. Defendant's charges where the dispositions are unknown consists of: possession of marihuana with intent to distribute, disorderly conduct, simple assault on a police officer, aggravated assault on a police officer, and possession of a controlled substance with intent to distribute.

      3. Evidence at the hearing indicates that defendant was a leader in a cocaine and marihuana trafficking organization in 2013. He was considered a fugitive from justice until his arrest in early February 2018.

      4. Law enforcement twice unsuccessfully attempted to arrest the defendant [i]n February 2018. On both occasions, defendant evaded arrest after high speed chases on busy Houston streets, endangering the public. He was finally apprehended on February 8 after again attempting to flee on foot.

      5. Defendant has not rebutted the statutory presumptions that he is a flight risk and a danger to the community.

      6. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community.

*Id.* at 3.

After Lawrence was transferred to this jurisdiction, he filed a Motion for Reconsideration of Bail [19], which the Court construes as seeking revocation or amendment of the magistrate judge's detention order.[1]

II.    Analysis

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1336 (1993). Here, the parties agree on the correct legal standards, but they dispute the ultimate holding and whether Lawrence should receive a new evidentiary hearing.

---

[1] Under 18 U.S.C. § 3145(b), a detained defendant may seek "revocation or amendment" of a magistrate judge's detention order. That is what Lawrence seems to pursue in this Court, even though he describes the motion as one for "reconsideration" and cites 18 U.S.C. § 3145(c), which allows defendants to appeal detention orders to the appellate court. *See* Def.'s Mot. [19] at 2.

As a threshold matter, the Court declines to exercise its discretion to conduct a new evidentiary hearing. *See United States v. Hensler*, No. 94-50042, 1994 WL 83436, at *2 (5th Cir. Feb. 24, 1994) (holding that district courts have discretion in this regard). Lawrence does not allege any new information in his motion, let alone any which would bear on the issues of his detention, conditions of release, or flight risk. And with one minor exception, he does not dispute the factual predicates for the magistrate judge's order. Instead, he simply believes the magistrate judge should have reached a different conclusion. No hearing is required.

As for the magistrate judge's conclusion that Lawrence must be detained, Lawrence merely offers a list of conclusory assertions. To begin, Lawrence says he "poses no threat to any person within the community." Def.'s Mot. [19] at 4. He backs that claim by noting that he has never been charged with a "felony crime of violence" and "has no history of violent behavior or activity." *Id.* at 3. These arguments miss their mark. For starters, Lawrence may not have been charged "with a felony crime of violence," but he does have a history of violence, including a conviction for assault and battery on a police officer. Detention Order [21-1] at 3. He also has dismissed charges for assault and battery. *Id.* Regardless, the Fifth Circuit Court of Appeals has held that "the risk of continued narcotics trafficking on bail does constitute a risk to the community." *Rueben*, 974 F.2d at 586. Lawrence poses such a risk. He is charged in this case with a drug conspiracy; there is evidence he "was a leader in a cocaine and marihuana trafficking organization in 2013"; he has a prior felony conviction for conspiracy to possess with intent to distribute a controlled substance; and while on supervised release for that prior drug conviction, Lawrence engaged in more drug-related activities resulting in revocation. Detention Order [21-1] at 3. Lawrence is a risk to the community.

Regarding the risk of flight, Lawrence first says that he has strong ties to the Houston, Texas, community, including family and three businesses. "[L]ongstanding ties to the locality in which [a defendant] faces trial" can rebut the presumption of flight. *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988). But here, the ties are to another state, so the evidence actually hurts Lawrence's cause. Moreover, Lawrence has a history of flight. On this point, Lawrence does object to the magistrate judge's findings to some extent, noting that when he ran from the United States Marshals they were in an unmarked vehicle, thus he "believed they were persons intending him harm." Def.'s Reply [23] at 1. Maybe so, but Lawrence does not address the magistrate judge's finding that "[h]e was considered a fugitive from justice until his arrest" in 2018. Detention Order [21-1] at 3. Nor does Lawrence dispute making two *additional* attempts to flee apprehension in February 2018, both of which involved "high speed chases on busy Houston streets, endangering the public." *Id.* Finally, his family and financial ties in Houston "shed no light on the risk that [defendant] would continue to deal in drugs." *United States v. Munoz,* No. 92-1957, 1993 WL 4677, at *3 (5th Cir. Jan. 7, 1993) (reversing order granting release on bond).

The other factors Lawrence offers cannot overcome the evidentiary basis for denying bond. For example, he says he has had "no issues while he was on parole/probation for the earlier conviction" and that he "has shown no danger of recidivism." Def.'s Mot. [19] at 4. But as stated, Lawrence violated his terms of supervised release, resulting in revocation. Detention Order [21-1] at 3. And there is evidence of ongoing drug activities from 2013 until his arrest. *Id.* Lawrence is a flight risk.

III.	Conclusion

The Court considered all of Lawrence's arguments. Those not specifically addressed would not change the results. The Court finds—based on *de novo* review—that the magistrate judge properly ordered detention. For these reasons, his motion [19] is denied.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
