UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                          CRIMINAL NO. 3:17-CR-149-DPJ-FKB

KEVIN LAWRENCE

ORDER

This criminal case is before the Court on Defendant Kevin Lawrence's Motion for New Trial [99]. Lawrence also filed two motions to dismiss [108, 113], a "Petition to Challenge the Grand Jury" [115], and a Motion for Judgment [116]. For the reasons that follow, the motions are denied.

I.   Background

Kevin Lawrence was charged in a three-count indictment alleging that he conspired with others to import marijuana from Texas to Mississippi and used a cell phone to facilitate that offense. The case proceeded to trial after the Court denied Lawrence's speedy-trial based motion to dismiss the indictment. *See* July 31, 2018 Order [54]. And the jury ultimately found Lawrence violated 21 U.S.C. § 841; 21 U.S.C. § 846; and 18 U.S.C. § 843(b). Lawrence, through counsel, moved for a new trial. He also filed four motions on his own behalf and without counsel. Those motions are denied without prejudice because Lawrence is represented by counsel and cannot file motions pro se. *See United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) ("Because Alvarado was represented by counsel in the district court, he was not entitled to file a pro se motion on his own behalf.").

II.     Standard

Rule 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). But "[t]he grant of a new trial is necessarily an extreme measure." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997). Therefore, "motions for new trial are not favored, and are granted only with great caution." *Id.* (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "A new trial is granted 'only upon demonstration of adverse effects on substantial rights of a defendant.'" *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997) (quoting *United States v. Cooks*, 52 F.3d 101, 103 (5th Cir. 1995)). An error affects the defendant's substantial rights if "it affected the outcome of the trial court proceedings." *United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001); *see also United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005) (holding that "[t]he restitution order affected [the defendant's] substantial rights because the outcome of the district court proceedings would have been different if the error had not occurred").

III.    Analysis

Lawrence says he did not receive a fair trial for two reasons. First, he believes the Court erred when it allowed the jury to consider whether Lawrence trafficked a lesser drug quantity than what the Government charged in the indictment. *See* Def.'s Mot. [99] at 1. Second, he contends that "the Government misrepresented aspects of the statements of a key witness, depriving Lawrence of the ability to properly cross-examine that witness in accordance with his Sixth Amendment right to confront his accuser." *Id.*

A.      Jury Instructions

The Indictment charged Lawrence with possessing and conspiring to possess "100 kilograms or more" of marijuana with the intent to distribute. Nevertheless, the Court followed

Fifth Circuit Pattern Jury Instruction (Criminal) § 2.93 (formerly § 2.89) and allowed the jury to consider whether the drug quantity was a lesser amount—the jury found that it was. According to Lawrence, the instruction was improper, but his argument is not compelling.

The issue is whether an instruction allowing the jury to find a lesser drug quantity than the one charged in the indictment constitutes constructive amendment of the indictment. Lawrence says it does and therefore, "[j]ust as in [*United States v.*] *Hoover*," a new trial is required. Def.'s Mot. [99] at 3 (citing 467 F.3d 496, 501 (5th Cir. 2006)). *Hoover* did reverse a jury verdict after finding constructive amendment, but the context was completely different. In that case, the defendant was convicted for making a false statement to a federal agent under 18 U.S.C. § 1001, and the disputed instruction materially altered the intent of the offense. 467 F.3d at 501–02.

Here, the Court instructed the jury on the essential elements of the drug offenses and then provided a special interrogatory allowing the jury to determine the quantity of drugs the Government had proven. Significantly, drug quantities are not an essential element of drug offenses. "[W]here a defendant may be subject to enhanced statutory penalties because of drug quantity or type, the requisite fourth 'element' under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] is not a formal element of the conspiracy offense." *United States v. Daniels*, 723 F.3d 562, 573 (5th Cir.), *on reh'g in part*, 729 F.3d 496 (5th Cir. 2013). As a result, a jury finding that the defendant trafficked less than the amount charged in the indictment "does not go to the validity of the[ defendant's] conviction[], but rather to the sentence that the district court may impose." *Id.*

Finally, "[i]t is well settled that a federal district court does not err by giving a charge that tracks the Fifth Circuit's pattern jury instructions and that is a correct statement of the law."

3

*United States v. Harrell*, No. CR H-13-298-5, 2017 WL 2591801, at *2 (S.D. Tex. June 12, 2017) (citing *United States v. Turner*, 960 F.2d 461, 464 (5th Cir. 1992)). The instructions and special verdict form in this case tracked the note to Fifth Circuit Pattern Jury Instruction § 2.93, which states that "the court may substitute for the fourth element a special interrogatory asking the jury to indicate the total amount of the controlled substance it believes was proved beyond a reasonable doubt." Fifth Circuit Pattern Jury Instruction (Criminal) § 2.93, Note (citing *United States v. Arnold*, 416 F.3d 349, 356 (5th Cir. 2005)).

That is precisely what the Court did, and that method of instruction has been repeatedly approved by the Fifth Circuit Court of Appeals. As stated in *Arnold*, "[t]his approach—using a special interrogatory to determine drug quantity—is endorsed in the note to Fifth Circuit Pattern Instruction § 2.89 [now § 2.93], *and we find its use appropriate*." 416 F.3d at 356 (emphasis added); *see also United States v. Holmes*, 478 F. App'x 92, 94 (5th Cir. 2012); *United States v. Hartzog*, 189 F. App'x 340, 347–48 (5th Cir. 2006). Under existing law, the instructions were proper; Lawrence's first ground for a new trial lacks merit.

B. Government Statements

Lawrence suggests that the Government "either intentionally or by accident, mislead [sic] the defense" into believing that there was one confidential source whose interviews were reflected in two Reports of Investigation (referred to as DEA Form 6). Def.'s Mot. [99] at 4. The Government produced both reports during discovery. *See* Def.'s Ex. A [99-1]; Ex. B [99-2]. The first report identified the confidential source as CS-13-143998, who was later identified as trial witness Alvin Haynes—the driver for the shipment that resulted in the arrest for the instant offense. The second report redacted the confidential-source number, but during trial the Government represented that the number on the second report was different than the one on the

4

first report and related to a second confidential source, i.e., it was not Haynes. The Court confirmed this representation after reviewing the reports in camera.

Lawrence's motion accepts the Government's representation that the second report does not relate to Haynes. But he contends that the confusion over the identity of the source for the second report deprived him of the chance to cross-examine Haynes and therefore violated his Sixth Amendment rights.

The argument is a non-starter. Assuming the Government was even required to produce the second report, there is no suggestion the Government did anything to mislead Lawrence—indeed his motion acknowledges that the miscommunication may have been "by accident." Def.'s Mot. [99] at 4. Regardless, the forms themselves indicate that they dealt with different individuals—both are marked "*Initial* Debriefing" yet they reflect different interview dates. *Id.* (emphasis added).

Finally, Lawrence fails to explain how he was prejudiced. Both statements were from truck drivers who said they hauled drugs for Lawrence. *See* Ex. A [99-1] at 1; Ex. B [99-2] at 1. Lawrence mistakenly believed Haynes made both statements and wanted to impeach him with the second because "[t]here was an important difference in the two statements as to what type of substance the source would transport." Def.'s Mot. [99] at 4. Looking at the statements, Haynes told the DEA he was hauling marijuana and cocaine for Lawrence. *See* Ex. A [99] at 1. The second report indicates that the driver was just hauling marijuana. *See* Ex. B [99-2] at 2. The Court assumes Lawrence intended to impeach Haynes with that perceived contradiction.

To begin, it would have been rather weak impeachment to show that Haynes admitted hauling marijuana for Lawrence in both reports but contradicted himself as to whether he was also hauling cocaine. Regardless, that contradiction never existed because Haynes did not make the statements reflected in the second report. And because there was never a contradiction,

5

Lawrence was not deprived of the right to cross-examine Haynes about it. In sum, Lawrence has shown no error affecting his substantial rights because the mistake was his. *See Inman*, 411 F.3d at 595 (discussing prejudice to defendant's substantial rights).

IV.     Conclusion

For the foregoing reasons, the Court denies Defendant's Motion for New Trial [99] and denies Defendant's pro se motions [108, 113, 115, 116] without prejudice because they are not properly before the Court.

**SO ORDERED AND ADJUDGED** this the 19th day of December, 2018.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE