UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                   CRIMINAL NO. 3:17-CR-149-DPJ-FKB

KEVIN LAWRENCE

ORDER

Defendant Kevin Lawrence asks the Court to modify his sentence and order his compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot. [223]. For the following reasons, Lawrence's motion is denied without prejudice.

I.   Facts and Procedural History

In October 2018, a jury convicted Lawrence on three charges of drug-trafficking offenses. On December 4, 2019, the Court sentenced Lawrence to a top-of-the-guideline-range 135-month total term of incarceration. Lawrence appealed his conviction and sentence, and on October 5, 2020, in an unpublished decision, the United States Court of Appeals for the Fifth Circuit affirmed. On October 19, 2020, Lawrence, through retained counsel, timely filed a petition for rehearing. *See* Fed. R. App. P. 40(a). On December 4, 2020, Judge Edith Jones entered an order on the docket of Lawrence's appeal granting his unopposed motion to stay the petition for rehearing "pending filing, disposition, and any appeal of a motion for new trial to be filed in the district court." *Lawrence v. United States*, No. 18-60733, Order (5th Cir. Dec. 4, 2020). No such motion for new trial has been filed to date.

Instead, Lawrence filed a pro se motion on January 20, 2021, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). In it, Lawrence asked the Court to modify his sentence to a term of time served based on concerns over the COVID-19 pandemic and the virus's spread

at the prison where he is housed.[1]  The Government responded to Lawrence's motion, and Lawrence filed a pro se reply.

It should be noted that Lawrence has been represented by eight attorneys at various times since his initial appearance, yet he has continued to file pro se pleadings.  When he filed this pro se pleading, it appears that he was represented by three separate attorneys, all three of whom sought leave to withdraw, either before or after he filed his motion.  Yet another attorney was appointed after Lawrence filed his motion, and the Court conducted a Zoom status conference with that attorney and the prosecution on April 12, 2021.  During that conference, the Court instructed the parties to file supplemental briefs addressing a threshold jurisdictional issue.  They complied.

II.   Analysis

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  And "an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors'."  *United States v. Pena*, 713 F. App'x 271, 272–72 (5th Cir. 2017) (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir.

---

[1] Lawrence is housed at the low-security correctional facility in Beaumont, Texas (FCI Beaumont Low).  That facility currently houses 1,777 inmates.  FCI Beaumont Low, https://www.bop.gov/locations/institutions/bml/ (last accessed May 3, 2021).  While no inmates now have active cases of COVID-19, the Bureau of Prisons reports that 1,110 inmates have contracted and recovered from the virus.  COVID-19 Coronavirus, bop.gov/coronavirus/ (last accessed May 3, 2021).

1984)). Under Federal Rule of Criminal Procedure 37(a), if the Court lacks jurisdiction to grant a motion

> because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

The parties agree that Lawrence's appeal remains pending. *See* Def.'s Mem. [241] at 3–4 (citing *Hibbs v. Winn*, 542 U.S. 88, 97–98 (2004) (explaining that "a timely filed rehearing petition would" suspend the finality of an appellate court's judgment)); Gov't's Mem. [242] at 1. They likewise agree that the Court lacks jurisdiction to grant Lawrence's motion at this time and that Rule 37(a) applies.

Considering these agreements, the Court believes Rule 37(a)'s second option—denial of the motion—is most appropriate. COVID-19-related compassionate-release motions depend on the state of the pandemic when the Court rules on them. It therefore makes little sense to defer the motion for a subsequent ruling on the present briefing or to offer an advisory ruling that may not comport with the conditions when the Court regains jurisdiction. Once the mandate issues in the Fifth Circuit, Lawrence may file a new motion under § 3582(c)(1)(A) based on the then-existing circumstances.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Lawrence's Motion for Compassionate Release [223] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 5th day of May, 2021.

                                                             s/ *Daniel P. Jordan III*
                                                             CHIEF UNITED STATES DISTRICT JUDGE