UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                          CRIMINAL NO. 3:17-CR-149-DPJ-FKB

KEVIN LAWRENCE

ORDER

Defendant Kevin Lawrence asks the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot. [251]. Because Lawrence does not present extraordinary and compelling reasons for a sentence modification, his motion is denied.

I.      Facts and Procedural History

The federal grand jury indicted Lawrence and two co-defendants on December 13, 2017, on charges related to a drug-trafficking conspiracy. Lawrence went to trial on the three counts levied against him, and on October 4, 2018, the jury convicted Lawrence on all three charges. On December 4, 2019, the Court sentenced Lawrence to a top-of-the-guideline-range 135-month total term of incarceration.

Lawrence is presently incarcerated at the low-security facility in Beaumont, Texas (FCI Beaumont Low). According to the Bureau of Prisons (BOP) website, Lawrence's projected release date is September 9, 2027, meaning he has served just over half of his federal sentence. In the summer of 2020, Lawrence, who suffers from hypertension and is prediabetic, contracted COVID-19. In August and September 2021, Lawrence received the two-dose Moderna COVID-19 vaccine. Nevertheless, fearing he could experience complications should he contract COVID-19 a second time, Lawrence asks the Court to reduce his sentence to time served. The Government opposes Lawrence's motion.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Exhaustion is not disputed, so Lawrence

> is eligible for a sentence reduction if the district court finds: (1) that one of the two conditions set forth in Section 3582(c)(1)(A) is met (here, it must find that "extraordinary and compelling reasons warrant such a reduction"); and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." [18 U.S.C. § 3582(c)(1)(A).] If the district court makes those two findings, then the court "may" reduce the defendant's sentence "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable." *Id.* The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction. *See, e.g., United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).

*Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021).[1]

Lawrence suggests extraordinary and compelling reasons for a sentence modification exist because his underlying health conditions make him likely to suffer complications if he becomes re-infected with a breakthrough case of COVID-19. The Government opposes the motion, but the facts have shifted since the Government filed its response. At the time the

---

[1] In *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021), the Fifth Circuit held there is no binding applicable policy statement.

Government responded, Lawrence had declined the Pfizer vaccine. The Government therefore argued that he could not seek modification based on the virus while refusing to receive the vaccine. Since then, Lawrence has received two doses of the Moderna vaccine. So, the question is whether his current situation presents extraordinary and compelling reasons.[2]

As other courts have noted, "vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection." *United States v. Isidaehomen*, No. 3:16-CR-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021).[3] "Courts have further held that the remote possibility of a defendant experiencing a breakthrough case is too rare to justify granting a compassionate release motion." *United States v. Smith*, No. 1:18-CR-08-HSO-JCG, 2021 WL 4256288, at *3 (S.D. Miss. Sept. 17, 2021) (collecting cases).

Finally, the COVID-19 spread is in decline, and BOP has made great strides in containing the pandemic within its facilities in recent months: since the start of the pandemic, 988 inmates at FCI Beaumont Low have contracted and recovered from COVID-19; as of November 5, 2021, no inmates there and three staff members have active cases of the virus. Taking these three data points together—vaccinations reduce infections and their severity, breakthrough cases are rare, and COVID-19 is not running rampant through FCI Beaumont Low—the Court finds Lawrence

---

[2] Merriam-Webster defines extraordinary as "going beyond what is usual, regular, or customary," and "exceptional to a very marked extent." *Extraordinary, Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/extraordinary (last visited Nov. 5, 2021). It defines compelling as "forceful," "demanding attention," and "convincing." *Compelling, Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/compelling (last visited Nov. 5, 2021).

[3] According to the CDC, "Based on evidence from clinical trials, in people aged 18 years and older, the Moderna vaccine was 94.1% effective at preventing laboratory-confirmed COVID-19 infection in people who received two doses and had no evidence of being previously infected." Moderna COVID-19 Vaccine Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited Nov. 5, 2021).

is not at significant risk owing to his continued incarceration.  Lawrence has not demonstrated extraordinary and compelling reasons to support a sentence modification.[4]

III.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the reasons set forth above, Lawrence's Motion for Relief Pursuant to 18 U.S.C. § 3582(c) [251] is denied.

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Lawrence also says continued incarceration during the pandemic violates his Eighth Amendment right to be free from cruel and unusual punishment.  But "a civil rights suit . . . under *Bivens* [*v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)] is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'"  *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).  Moreover, a condition of confinement suffered by every inmate incarcerated during the pandemic can hardly be said to present an extraordinary reason to grant compassionate release.