UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:17-CR-149-DPJ-FKB

KEVIN LAWRENCE

ORDER

On July 19, 2021, Defendant Kevin Lawrence filed a Motion for New Trial. Mot. [258]. Since then, he has peppered the Court with motions and notices. Not counting those related to compassionate release, Lawrence now has 10 pending motions, and the Government has filed two collateral motions. Unfortunately, the more substantive motion is not fully ready for decision and will require an evidentiary hearing. This Order attempts to declutter the docket and organize the issues.

I.  Background

Lawrence was charged in a three-count indictment alleging that he conspired with others to import marijuana from Texas to Mississippi and used a cell phone to facilitate that offense. The jury found that Lawrence violated 21 U.S.C. § 841, 21 U.S.C. § 846, and 18 U.S.C. § 843(b). Lawrence, through counsel, unsuccessfully moved for a new trial, and he also filed numerous pro se motions seeking a new trial. When those were denied, he filed four pro se motions for reconsideration, which the Court also denied. Lawrence appealed, but, on April 20, 2021, the Fifth Circuit affirmed the judgment.

Lawrence now moves for a new trial based on newly discovered evidence. Specifically, he claims that Alvin Haynes, a confidential source and trial witness for the Government, has provided an affidavit recanting his trial testimony and stating that he was coerced to testify by

the Government.  Haynes Aff. [258-1].  The motion has been fully briefed.  *See* Resp. [260]; Reply [280].

II.     Motions

As an initial point, the Court concludes that it must conduct an evidentiary hearing before deciding Lawrence's motion for new trial [258].  That hearing will include, at a minimum, testimony from Haynes.  *See Newman v. United States*, 238 F.2d 861, 863 (5th Cir. 1956) (noting in case of recanted trial testimony that district court must consider original trial record and record presented during post-trial hearing).  But before that hearing can occur, the Court must address the collateral motions.

      A.     Motions Related to Evidence Referenced in Government's New-Trial Response

Seven pending motions relate to Exhibits A and B to the Government's new-trial response.  Exhibit A is an email between Haynes and attorney Tom Rich, who represented Lawrence for a time post trial.  The email suggests that Haynes's post-trial affidavit—upon which Lawrence bases his new motion—is untrue.  Exhibit B is a collective exhibit with two reports maintained by the Drug Enforcement Agency (DEA) regarding confidential sources identified as CS-13-143998 and CS-13-144780.

The Government referenced Exhibits A and B in its response to Lawrence's new-trial motion, but it did not attach them.  Instead, the Government filed a motion seeking leave to file Exhibits A and B under restricted status, which (under this Court's procedures) would make them available to the Court and the parties but unavailable to the public.  *See* Gov't Mot. [261].  In subsequent submissions, the Government explained that Exhibit B should be sealed, which would keep it from Lawrence as well.  *See* Gov't Resp. [269] at 2.

Lawrence opposed the Government's motion to seal and then filed six of his own: (1) a notice of privilege [264] that was docketed as a motion to seal or strike; (2) a motion [265] seeking leave to amend his motion for new trial; (3) a motion [266] for discovery; (4) a motion [267] to strike the Government's response to Lawrence's motion for new trial and its motion to seal; (5) a motion [273] to subpoena the confidential sources referenced in Exhibit B; and (6) a motion [274] to disqualify the prosecuting attorney.

The Government responded to some, but not all, of Lawrence's motions and did not file a reply in support of its motion to file the exhibits under restricted status. But because those exhibits were central to the issues, the Court instructed the Government to submit them for in camera review. Oct. 13, 2021 Text-Only Order. The Government complied, and the Court has now reviewed Exhibits A and B.

1. Government's Motion to File Under Restricted Status [261]

"Courts have recognized that the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). But that "right is not absolute." *Id.* The Court thus has discretion to seal judicial records, but before doing so, it "must balance the public's common law right of access against the interests favoring nondisclosure." *Id.*

> In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. . . . "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress* [*Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*], 781 F.3d [182,] 204 [(5th Cir. 2015)]).

3

*United States v. Texas*, No. 1:21-CV-796-RP, 2021 WL 4593319, at *10 (W.D. Tex. Oct. 6, 2021).

Starting with Exhibit A, the Haynes/Rich email must be included in the record for appeal because the parties have argued about it and the Court reviewed the exhibit in camera.  For now, it will be filed under restricted status because both parties wish to keep its contents confidential.  Most notably, Lawrence says the information constitutes privileged attorney work product and should not be made public.  Based on that, the Government's motion is granted as to Exhibit A; it shall be filed under restricted status.  If the Court eventually finds that the email is not attorney work product, then the Court will consider lifting the restriction.[1]

The two confidential-source reports contained in collective Exhibit B are different.  As noted, those reports relate to two confidential sources identified as CS-13-143998 and CS-13-144780.  Confusion over the identity of those sources first occurred at trial.  While everyone agreed that Haynes was CS-13-143998, Lawrence's trial counsel believed Haynes was also confidential source CS-13-144780.  After trial, Lawrence acknowledged that Haynes was *not* confidential source CS-13-144780 but insisted that the Government had misled him into believing he was.  See Def.'s Mot. for New Trial [99] at 4.  Lawrence argued that the confusion somehow deprived him an opportunity to impeach Haynes with statements from CS-13-144780.  The Court reviewed the reports related to CS-13-144780 post trial and denied the motion because the sources were different, there was no attempt to mislead, and Lawrence had not shown prejudice.  See Order [117] at 5.

The identity of the sources is again disputed.  In his post-trial affidavit, Haynes now says that he was the source identified both as CS-13-143998 *and* CS-13-144780, and Lawrence

---

[1] *See infra* section II(A)(2) discussing the work-product argument.

argues that this new evidence necessitates a new trial. In response, the Government referenced the DEA reports associated with both informants to demonstrate that CS-13-144780 is not Haynes and that Haynes's new affidavit is false. The Government simultaneously sought leave to file Exhibit B under restricted status because the reports contain personal identifying information and the identities of previously unidentified individuals whose safety may be jeopardized by disclosure. For example, the exhibit lists a phone number for and provides a physical description of Lawrence's unidentified source of drugs. And it identifies, by first names and telephone numbers, one individual who attempted to purchase a large quantity of marijuana and one individual with connections to obtain large quantities of marijuana and cocaine. Exhibit B also identifies CS-13-144780, who cooperated but did not testify.

      As with the Haynes/Rich email, Exhibit B must be included for the record on appeal. But as the Government contends, the public's right to know is outweighed by the risk of disclosing personal identifying information and the identities of those who may have cooperated or allegedly participated in an extensive drug-trafficking operation. Those other individuals are irrelevant to the basis for Lawrence's motion (that Haynes was CS-13-143998 *and* CS-13-144780), and disclosing them could jeopardize their safety and produce other adverse consequences. Accordingly, the Court grants the Government's motion to file Exhibit B under restricted status, available only to the Court and the parties.

      The Court also concludes that Exhibit B must be redacted when filed under restricted status, first to exclude all personal identifying information (e.g., social-security numbers). As Lawrence states, the personal identifying information is not relevant to his motion. *See* Def.'s Resp. [272] at 2. Second, the Government shall redact the names of individuals other than Haynes and Lawrence, none of whom are relevant to Lawrence's motion.

This necessarily means that the identity of the confidential source identified as CS-13-144780 will be redacted for his/her safety. The Court has reviewed Exhibit B, and it is patently obvious that the report on CS-13-144780 relates to someone other than Haynes. The true source is identified by name; that person signed and initialed the report throughout; and the report contains his/her photograph, records, personal identifying information, and other indicators of his/her identity. There is simply no credible basis for finding that Haynes was confidential source CS-13-144780, and the Court will not place that cooperator in jeopardy based on this record. The Court will, however, examine the redacted exhibit to ensure that Haynes's name is not redacted. As a result, Lawrence will be able to see from the redactions to Exhibit B that CS-13-144780 is someone other than Haynes. The Government is instructed to mail Lawrence copies of Exhibit A and redacted Exhibit B. Finally, the Government is instructed to file an unredacted copy of Exhibit B under seal to complete the record.

2. Lawrence's Motion [267] to Strike Opposition to New Trial; Notice of Privilege [264]; Motion for Discovery [266]; Motion to Amend Motion for New Trial [265]; and Motion to Disqualify [274]

These motions are related. Lawrence believes that Assistant United States Attorney Chris Wansley engaged in prosecutorial misconduct regarding the Haynes/Rich email. He therefore seeks orders striking all references to the email from the Government's submissions, disqualifying AUSA Wansley, granting Lawrence leave to amend his motion for new trial, and allowing Lawrence to propound interrogatories related to the email.

Starting with the motion to strike and related notice of privilege, the Government opposed the motion but lightly addressed the merits of Lawrence's work-product argument or the extent to which it impacts whether the Court can consider the Haynes/Rich email. But Lawrence's arguments regarding work product are not frivolous and must be addressed more

6

substantively. *See Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) ("[T]he mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege. This circuit has held, however, that the work product privilege is waived when the attorney requests the witness to disclose the information or when the attorney discloses the information to the court voluntarily or makes no objection when it is offered." (citation omitted)).

Accordingly, the Court will consider the privilege issues during the evidentiary hearing on Lawrence's motion for new trial. The Government is instructed to file a supplemental response within 30 days of this Order addressing whether the email constitutes work product under the currently known facts and whether the Court may consider it. Lawrence may file a reply within 10 days. Otherwise, Lawrence's motion to strike and notice of privilege are held in abeyance.

Turning to the disqualification motion, Wansley is no longer employed by the United States Attorney. The motion [274] is therefore denied as moot. As for the discovery Lawrence requested regarding the email, he later states in reply that his motion "is not ripe." Def.'s Reply [295] at 1. The discovery motion is therefore denied without prejudice. And the same is true for Lawrence's motion seeking leave to amend [265]. Lawrence states that "[t]o properly respond and to raise issues of prosecutorial misconduct involving improper and unlawful acquisition of attorney client work product, publishing same, against and over Lawrence's non-waiver and objections, Lawrence seeks to amend his Motion for New Trial." Def.'s Mot. [265] at 4. He does not explain how this alleged post-trial conduct could entitle him to a new trial, but like his motion for discovery, Lawrence now indicates that the issue is not ripe. He states, "The Court

7

has not even ruled on the pending motions which may or may not necessitate an amended filing." Def.'s Reply [296] at 3.  Accordingly, the motion to amend is denied without prejudice.

        3.        Lawrence's Motion to Subpoena Confidential Informants [273]

Lawrence asks the Court to issue subpoenas for the confidential sources identified as CS-13-143998 and CS-13-144780.  As noted, confidential source CS-13-143998 is Haynes, and he is a necessary witness for the evidentiary hearing.  The Court therefore grants Lawrence's motion and will issue the necessary process to secure his attendance.  But as noted above, testimony from confidential source CS-13-144780 would be completely irrelevant to Lawrence's motion, which is based on Haynes's claim that he is CS-13-144780.  Exhibit B plainly and repeatedly states that he is not, and the Court will not jeopardize this previously undisclosed cooperating witness's safety based on this record.  The motion is denied as to confidential source CS-13-144780.

    B.    Motions for Extensions of Time

Lawrence has three motions seeking more time to file various responses [262, 278, 293], and one Notice Regarding Omnibus Extension [281].  The Government has likewise filed one motion for an extension [282].  The Government's motion is granted; its response [284] to the motion to disqualify is deemed timely filed.  Lawrence's motion regarding his reply in support of his motion to disqualify [293] is denied because the underlying issue has become moot. Lawrence's other motions and notice [262, 278, 281] relate to his deadlines to respond to the motion to restrict the Government's exhibits to his motion for new trial and to file a reply in support of his motion for new trial.  Lawrence has since filed both documents, *see* Resp. [272]; Reply [280], and the Court considers those documents timely filed, so Lawrence's motions [262, 278] are granted.  Moreover, the Court has granted Lawrence one final reply upon receipt of the

Government's supplemental response regarding work-product. Finally, Lawrence will have an additional opportunity to present his arguments at the evidentiary hearing on the motion for new trial.

III. Conclusion

The Court has considered all arguments. As set forth above, its rulings are as follows:

- The Government's Motion to File [261] is granted. Within five days of the entry of this Order, the Government shall file: Exhibit A to its response to the motion for new trial under restricted status; an unredacted copy of Exhibit B to that response under seal; and a redacted copy of Exhibit B under restricted status. Upon filing, the Government shall mail copies of both restricted documents to Lawrence;

- Lawrence's Notice of Privilege [264] and Motion to Strike [267] are both held in abeyance except that the Government shall file a supplemental response addressing the work-product argument within 30 days of this Order. Lawrence may file a supplemental reply within 10 days after he receives the Government's supplemental response;

- Lawrence's Motion to Amend [265] and Motion for Discovery [266] are denied without prejudice;

- Lawrence's Motion for Subpoena [273] is granted as to Haynes but denied as to CS-13-144780; the Court will direct the Clerk of Court to issue process once the hearing date is determined;

- Lawrence's Motion to Disqualify [274] is denied as moot; and

- The Government's Motion for Extension [282] and Lawrence's Motions for Extension [262, 278] are granted. Lawrence's Motion for Extension [293] is denied as moot.

9

Once the supplemental briefing required by this Order is complete, counsel for the Government shall contact Courtroom Deputy Shone Powell to set the case for an evidentiary hearing on the motion for new trial.

      **SO ORDERED AND ADJUDGED** this the 16th day of December, 2021.

                                            s/ *Daniel P. Jordan III*
                                            CHIEF UNITED STATES DISTRICT JUDGE